# IN THE COURT OF APPEALS OF IOWA

No. 14-1285
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RODNEY LEE BAINTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buena Vista County, Carl J. Petersen (plea) and Don E. Courtney (sentencing), Judges.

        Rodney Bainter appeals his conviction following a guilty plea to conspiracy to manufacture methamphetamine. **AFFIRMED.**

        Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Dave Patton, County Attorney, and Matthew J. Speers, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Rodney Bainter appeals his conviction following a guilty plea to conspiracy to manufacture methamphetamine. Bainter asserts that his plea should be vacated because counsel was ineffective for failing to ensure that the court adequately explain the calculation of the sentence—specifically, the one-third mandatory minimum. We conclude counsel breached no duty, given the district court complied with Iowa Rule of Criminal Procedure 2.8(2)(b)(2). Therefore, we affirm Bainter's conviction.

On October 2, 2013, Bainter was charged by trial information with one count of conspiracy to manufacture, deliver, or possess with intent to deliver over five kilograms of methamphetamine, and one count of selling, distributing, or making available pseudoephedrine with the intent to use as a precursor. A plea agreement was filed on December 16, 2013, in which Bainter agreed to plead guilty to a lesser-included offense of conspiracy to manufacture methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2013), with the State to dismiss the second count.

A plea hearing was held on December 23, 2013, in which the court advised Bainter he would be subject to the one-third mandatory minimum sentence. The State noted the mandatory minimum would be affected by Bainter's prior convictions. Bainter indicated he understood and proceeded to plead guilty. A sentencing hearing was then held on July 21, 2014, in which Bainter stipulated to his prior convictions. The district court sentenced Bainter to a term of incarceration not to exceed twenty years. Bainter appeals, arguing counsel was ineffective because he failed to ensure that the court explain that

the one-third mandatory minimum sentence would be calculated based on the maximum sentence, after application of the repeat offender sentencing enhancement. Consequently, he asserts, his plea was neither knowing nor voluntary, and he requests his plea be vacated.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.*

Iowa Rule of Criminal Procedure 2.8(2)(b)(2) states:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> . . . .
> The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

The record establishes the district court complied with this rule, as the following exchange occurred at the plea hearing:

> The Court: The incarceration may be suspended or deferred by the Court; however, if incarcerated, it's subject to a one-third . . . . One-third service of that 10-year prison term before you could be considered for purposes of parole.
> . . . .
> [The State]: Your Honor, also under 124.411 the Court could triple the sentence based on prior drug offenses, which the defendant does have.
> The Court: Okay. So there's an enhancement penalty that could apply here, sir, based upon your past convictions resulting in a 30-year sentence.
> . . . .
> The Court: Do you understand that, Mr. Bainter?

[Bainter]: Yes, sir.

The Court: Do you have any questions about the range of penalties in this case?

[Bainter]: No, sir.

This exchange demonstrates the district court complied with rule 2.8(2)(b)(2), as Bainter was fully advised of the consequences of his plea—that he would be subject to a one-third mandatory minimum, and that his sentence could be enhanced based on his prior convictions. A specific number regarding the one-third mandatory minimum was not necessary to render the plea voluntary and intelligent. Therefore, counsel had no duty to object, and Bainter's claim is without merit. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (holding counsel cannot be found ineffective for failing to assert a meritless argument). We therefore affirm Bainter's conviction pursuant to Iowa Rule of Court 21.26(1)(a), (d), and (e).

**AFFIRMED.**